# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**,

v.

**MATTHEW BUCHINSKY**,

    Defendant.

Criminal No. 17-94

## ORDER ON COMPETENCY TO STAND TRIAL

AND NOW, this 16th day of September, 2019, as set forth on the record after a competency hearing held on September 12, 2019, the court finds by a preponderance of the evidence that defendant Matthew Buchinsky ("Buchinsky") is competent to stand trial at this time, pursuant to 18 U.S.C. § 4241. Although Buchinsky is presently suffering from a mental disease or defect (i.e., an intellectual disability), with appropriate accommodations he has the capacity to assist in his own defense (i.e., the defendant has "the present ability to consult with [defense counsel] with a reasonable degree of rational understanding"), and he can comprehend the nature and possible consequences of a trial (i.e., the defendant has a "rational as well as factual understanding of the proceedings.") *See United States v. Leggett*, 162 F.3d 237, 241-242 (3d Cir. 1998) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). The court finds the opinion of Dr. Robert Wettstein about Buchinsky's competency to stand trial to be credible.

The following procedures will be implemented to accommodate Buchinsky's intellectual disability and monitor his continued competency to stand trial:

1. all parties shall take extra time to explain relevant terminology and court procedures;
2. several such explanations may be required;

3. Buchinsky's comprehension of concepts must be confirmed by asking him to state his understanding and any misunderstandings must be remediated;

4. colloquys and other questioning of Buchinsky shall be done slowly, with preparation in advance by counsel (the court will provide draft colloquys to counsel in advance);

5. information shall be presented verbally, rather than through documents, because Buchinsky's reading capacity is at the 2nd grade level;

6. the court and the parties shall use simple language and avoid complex terms and concepts to the extent possible;

7. the length of court proceedings shall be limited to two or three hours per day;

8. the court and the parties will continue to monitor defendant's cognitive impairments throughout the proceedings and have Dr. Wettstein reassess his competency to stand trial if warranted.

9. If defense counsel reasonably believes that Buchinsky is unable to understand certain of his legal or constitutional rights, counsel must notify the court, which will hold a hearing to reevaluate Buchinsky's competency to stand trial.

The parties shall inform the court if they believe that any modifications or additions to these procedures are needed.

BY THE COURT,

/s/ Joy Flowers Conti_____
Joy Flowers Conti
Senior United States District Judge