IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 17-94 |
| ) | |
| MATTHEW BUCHINSKY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION**

I.      Introduction

Pending before the court is a motion for compassionate release filed pro se by defendant Matthew Buchinsky ("Buchinsky") (ECF No. 182), with a supplement (ECF No. 184). The government filed a response opposing relief on procedural and substantive grounds (ECF No. 185). The motion is ripe for disposition.

II.     Procedural Background

On June 22, 2022, Buchinsky was sentenced to 60 months' imprisonment based on his conviction under 18 U.S.C. §§ 2252(a)(2) and (b)(1). His projected release date, which reflects credit for good time, is October 11, 2026. https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results, last visited June 25, 2025.

In the pending motion, Buchinsky seeks compassionate release to take care of his mother, who has medical issues. Buchinsky also states that his health "hasn't been that great because of my covid-longhaul." ECF No. 182. Buchinsky also seeks photos of the items seized by the government. Buchinsky did not provide any supporting documentation. Buchinsky's supplement (ECF No. 184) referenced his learning disabilities and recognized that he has an

1

attorney of record, an assistant federal public defender.

### III. Exhaustion of administrative remedies

The government contends – correctly -- that Buchinsky did not exhaust his administrative remedies because he did not demonstrate that he presented the same arguments for compassionate release to the warden that he now makes to the court. In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the United States Court of Appeals for the Third Circuit held that courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of Prisons ("BOP") to respond to a request for release. The court noted the BOP's statutory role and its shared desire for a safe and healthy prison environment. The court concluded that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement" must be demonstrated. *Id.* at 597. *See* United States v. Valenta, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020), reconsideration denied, No. CR 15-161, 2020 WL 1984319 (W.D. Pa. Apr. 27, 2020) ("One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue.") (citing Woodford v. Ngo, 548 U.S. 81, 89 (2006)).

If an inmate does not seek compassionate release from the warden, this court lacks jurisdiction to consider his request for compassionate release from the court. *See* United States v. Mavrakis, No. CR 21-335, 2025 WL 1373320, at *1 (W.D. Pa. May 12, 2025) (denying motion for compassionate release for lack of jurisdiction where the defendant did not first seek relief from the warden). Based on the current record, Buchinsky's motion for compassionate release must be denied, albeit without prejudice to refile if he exhausts his administrative

remedies.

**IV. Conclusion**

Once a court imposes a sentence and it becomes final, it may not be modified unless an exception to the rule of finality applies in the case. Here, Buchinsky did not satisfy his burden to exhaust his administrative remedies before seeking relief from the court. His motion for compassionate release (ECF No. 182) will, therefore, be denied without prejudice.

Even if Buchinsky exhausted his administrative remedies, his current motion would be denied because it does not contain any supporting evidence. It is Buchinsky's burden to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, 470 F. Supp. 3d 489 at *512 (E.D. Pa. 2020)). Courts have held that to satisfy this burden, a movant must produce evidence to the court. See, e.g., United States v. Matthews, No. CR 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020). For example, Buchinsky must send in documents about his mother's medical condition and lack of other caregivers, and submit medical records about the health conditions he suffers due to covid-longhaul. The court urges Buchinsky to seek help from his attorney.

An appropriate order will be entered.

Dated:   July 30, 2025

                                        BY THE COURT:

                                        s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Senior United States District Judge